NO. 07-04-0088-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 5, 2004



______________________________




IN RE STATE OF TEXAS, RELATOR



______________________________




Before JOHNSON, C.J. and REAVIS, JJ. and BOYD, S.J. (1)

ORDER ON PETITION FOR WRIT OF PROHIBITION


 By this original proceeding, relator, the State of Texas, seeks a writ of prohibition 
to compel the Honorable Ron Enns, Judge of the 69th District Court of Dallam County, to
stay all further proceedings in the trial court until such time as this Court rules on the merits
of a pending appeal styled State of Texas v. Brenda Thaxton in cause number 07-04-0032-CR. Thaxton was indicted for child endangerment for conduct that allegedly lead to the
death of her son by her boyfriend Nathan Felder. Felder's direct appeal is also pending
in this Court in cause number 07-03-0260-CR. 

 Article 2.07 of the Texas Code of Criminal Procedure (Vernon Supp. 2004), provides
that when an attorney for the State is disqualified, absent, or otherwise unable to perform
the duties of the office in any case or proceeding, the judge of the court may appoint an
attorney to perform the duties. The clerk's record in Felder's direct appeal contains an
order signed April 27, 2001, appointing "JOHN NEAL or any ASSISTANT ATTORNEY
GENERAL FOR THE STATE OF TEXAS" as attorney pro tem for the purpose of
prosecuting the case against Felder. 

 The pending petition for writ of prohibition is brought by Assistant Attorney General
Laura Bayouth Popps, in her capacity as District Attorney Pro Tem. However, nothing in
the limited record filed demonstrates that the trial court appointed an Assistant Attorney
General to bring this action. Thus, the Court directs that Laura Bayouth Popps show her
standing to initiate and prosecute this original proceeding on or before March 18, 2004,
before any further action can be taken.

 It is so ordered.

 Per Curiam

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.


ht: 0.416667in; margin-bottom: 0.104167in">          I join in the Court’s opinion, and write simply to add that, were we to find that the
merits of this father’s appellate contentions were preserved for our review, I still would
affirm the trial court’s judgment. I cannot agree with appellant’s contention the evidence
that termination of his parental rights is in the best interest of his children is insufficient,
legally or factually. The children ranged in ages from four to thirteen at the time of trial. 
Their mother’s parental rights have been terminated. Their father is incarcerated and may
remain so until 2016. He could present no plan for the care of the children until his
release. Those facts, coupled with the evidence of a history of family violence and other
criminal conduct, were sufficient, in my view, to permit the trial court to find termination of
the father’s parental rights in the best interest of the children. See In re J.F.C., 96 S.W.3d
256, 266 (Tex. 2004) (legal sufficiency standard). The contrary evidence, showing
appellant desired to maintain a relationship with his children, and had participated in
programs and taken other steps to address his destructive behaviors, is not insignificant. 
Considering the entire record, however, the evidence permitted the trial court reasonably
to form a firm belief or conviction termination was in the children’s best interest. See In re
C.H., 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency standard). 
 
                                                                           James T. Campbell

 Justice